UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA PERKINS, HEATHER C. HOLST, TERRY J. WILLIAMS, TANYA C. STANDIFER and KARLEY MAYHILL, individually and on behalf of all others similarly situated, | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:21-CV-00973-X |
| UNITED SURGICAL PARTNERS INTERNATIONAL, INC., | § § § § | |
| and | § § | |
| THE RETIREMENT PLAN ADMINISTRATION COMMITTEE OF UNITED SURGICAL PARTNERS INTERNATIONAL, INC., | § § § § § § | |
| *Defendants*. | § § | |

## FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on **October 30, 2025** to determine the fairness of the proposed Settlement. Due notice having been given and the Court having fully considered the matters before it,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Capitalized terms used in this Final Approval Order and Judgment shall have the same meanings ascribed to them in the Settlement Agreement (Doc. 070-02).

1.  The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2.  For purposes of Settlement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class:

> All persons, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period (April 30, 2015 through December 31, 2024), and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their immediate family members who were participants in or beneficiaries of the Plan at any time during the Class Period.

3.  The Court maintains the appointment of Plaintiffs Heather C. Holst, Terry J. Williams, Tanya C. Standifer, and Karley Mayhill as Class Representatives for the Settlement Class, and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

4.  The Settlement Class has received proper and adequate notice of the Settlement, the Final Approval Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Class Representatives, and the Plan of Allocation. Notice was given in accordance with the Preliminary Approval Order (Doc. 76). Notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated website, and provided due notice of the matters set forth in this Final Approval Order and Judgment, and included sufficient information about the procedure for making objections. That notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and due process.

5. The Court approves the Settlement and orders that the Settlement shall be consummated and implemented.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement ($1,475,000) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court has considered and overruled any objections to the Settlement to the extent there were any.

7. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

8. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement as amended by Doc 81-3, including Article 7 of the Settlement Agreement, together with the definitions in the Settlement Agreement relating to those releases and covenants, are expressly incorporated into this order and judgment. The releases are effective as of the Effective Date. As of the Effective Date, the Plan and each of the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, even if the Class Member discovers facts in addition to or

different from those which the Class Member or Class Counsel now knows or believes to be true with respect to the Action and the Released Claims, and regardless of whether each Class Member receives a monetary benefit from the Settlement, whether each Class Member actually received the Settlement Notice, and whether Class Members objected to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs.

11.     The Class Representatives, Class Members, and the Plan settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

12.     The Class Representatives, the Class Members, and the Plan, acting individually or together, or in combination with others, are permanently enjoined from suing any Released Party in any action or proceeding alleging any of the Released Claims.

13. Every Class Member releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The operative complaint and all claims asserted in the Action are dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that arise as to performance under the Settlement Agreement or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order and Judgment, or the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to applications for awards of attorneys' fees and Case Contribution Awards to the Class Representatives, and reimbursement of litigation costs.

16. Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action involving alleged violation of the Settlement Agreement or the assertion of any Released Claim.

17. If the Settlement Agreement is terminated, this Final Approval Order and Judgment shall be rendered null and void and shall be vacated, and this Action shall for all purposes with respect to the Settling Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18. With respect to distributions to Class Members, all questions not resolved by the Settlement Agreement or Settlement Administrator shall be resolved by the Plan administrator for the Tenet Plan or other fiduciaries of the Tenet Plan, in accordance with applicable law and the governing terms of the Tenet Plan.

19. Within 21 days following the distribution of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of the payment or contribution.

20. Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order and Judgment.

**SO ORDERED** on 30th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE